# KING MOENCH HIRNIAK & MEHTA, LLP

A Limited Liability Partnership†

ATTORNEYS AT LAW

**51 GIBRALTAR DRIVE – SUITE 2F**
**MORRIS PLAINS, NEW JERSEY 07950-1254**

——————

**973-998-6860**
Facsimile:  973-998-6863

**RED BANK OFFICE**

**365 BROAD STREET, SUITE 4R**
**RED BANK, NEW JERSEY 07701**

—————

732-546-3670

**PETER J. KING**◊
  pjk@kmhmlawfirm.com
**MATTHEW C. MOENCH***
  mcm@kmhmlawfirm.com
**ROMAN B. HIRNIAK**
  rbh@kmhmlawfirm.com
**CHIRAG D. MEHTA**
  cmehta@kmhmlawfirm.com
**MICHAEL L. COLLINS***
  mlc@kmhmlawfirm.com

_____

**NAKICHA T. JOSEPH**
  ntj@kmhmlawfirm.com

◊ Certified by the Supreme Court of New Jersey as a Municipal Court Attorney

* Member of the Bar of New York



December 6, 2021

**VIA ECF**
Hon. Timothy M. Reif
U.S. Court of International Trade
One Federal Plaza
New York, NY 10278

   Re: **Byungmin Chae v. Secretary of The Treasury, et al.**
      **Court No.: 20-00316**

Dear Judge Reif:

As you are aware, the undersigned represents the Plaintiff, Byungmin Chae, in the above-captioned matter. Please accept this letter brief in lieu of a more formal submission in further support of Plaintiff's motion for Judgment on the Record and in reply to the Government's November 5, 2021, Response Brief.

## BACKGROUND

This matter involves the appeal of the administrative decision of the U.S. Customs and Border Protection ("CBP") denying Plaintiff's request for credit for a number of questions on the April 25, 2018, Customs Broker License Examination ("CBLE"). The relevant facts contained in

the administrative record were recited at length in Plaintiff's Brief in Support of his Motion and, accordingly, will only be summarized herein.

On April 25, 2018, Plaintiff sat for the CBLE in Flushing, New York. On May 18, 2018, Plaintiff was informed that he had received a score of 65% on the Exam and had therefore not achieved the requisite minimum passing score of 75%. See Admin. Rec. Ex. A. Subsequently, on June 18, 2018, Plaintiff timely appealed thirteen of the questions from the April 2018 Exam. See Admin. Rec. Ex. B. Throughout the appeals process, the CBP awarded Plaintiff credit for several responses which were previously deemed to be incorrect. See Admin. Rec. Exs. B, C, D, and E. Following the appeals process, Plaintiff's score increased to 71.25%, but still leaving him short of the 75% passing score. See Admin. Rec. Ex. E.

After exhausting Customs' internal appeals process and subsequent motion practice regarding same, Plaintiff's motion for Judgment on the Record originally requested the Court's review of seven questions, namely questions 5, 27, 33, 39, 43, 50 and 57. Upon review of the Government's Response Brief, Plaintiff concedes to the Government's interpretation and explanation of questions 43 and 50. Therefore, Plaintiff hereby *withdraws* his challenge to questions 43 and 50 of the exam. Plaintiff now requests review of the CBP's denial of credit for questions 5, 27, 33, 39, and 57 of the exam ("Challenged Questions").

## STANDARD OF REVIEW

Plaintiffs challenge to CBP's administration of the Broker License Examination raises purely legal questions. This Court reviews CBP's grading of the examination in accordance with the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. Plaintiff exclusively challenges the legal basis of the CBP's determination that his responses to questions 5, 27, 33, 39, 43, 50, and

57 were incorrect. As the court explained in O'Quinn, where "there is no dispute between the parties with regard to the facts [and] Plaintiff's motion challenges the legal basis of the Assistant Secretary's decision" a reviewing court must ensure that CBP's decision is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." O'Quinn v. United States, 24 CIT 324, 325 (2000). Although a court "will not substitute its own judgment on the merits of the Customs examination, [it] will examine decisions made in connection therewith on a reasonableness standard." Dilorio v. United States, 14 CIT 746, 747 (1990).

The CBP is, therefore, required to engage in reasoned decision-making in grading the Customs Broker Examination. O'Quinn, 24 CIT at 325; see Dunn-Heiser v. United States, 29 CIT 552 (2005). Here, the CBP failed to do so, and Plaintiff was improperly denied credit for his responses to the Challenged Questions. For the reasons set forth below, Plaintiff should be awarded credit for the Challenged Questions. As a result, Plaintiff should be awarded a passing score on his CBLE.

## ANALYSIS

I. **PLAINTIFF SHOULD BE GRANTED CREDIT FOR HIS RESPONSES TO THE CHALLENGED QUESTIONS BECAUSE THE CBP'S DENIAL OF CREDIT FOR SAME IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.**

The Government asserts that its decision to deny Plaintiff's appeal with regard to the Challenged Questions was "reasonable and amply supported" based on the evidence in the administrative record. Def. Br. at 8. However, the Government's contention misconstrues Plaintiff's argument and entirely misses the premise of Plaintiff's challenges. The CBP's formatting of the questions at issue demonstrates a pattern of contradictory, ambiguous, and unfairly confusing language designed to mislead test takers. The Government's explanation for

having denied Plaintiff credit to the Challenged Questions is not reflective of the evidence on the record. As such, the Government's denial of credit for the Challenged Questions is arbitrary, unreasonable, and capricious.

1. **Question 5**

    Which of the following customs transactions is **not** required to be performed by a licensed customs broker?

    A. Temporary importation under bond
    B. Transportation in bond
    C. Permanent exhibition bond
    D. Trade fair entry
    E. Foreign trade zone entry

The Government contends that Plaintiff's reliance on 19 C.F.R. § 146.32(a)(1) for his argument in defense of his response to this question is misplaced. Def. Br. at 9. Specifically, the Government asserts that Plaintiff confuses "foreign trade zone entry" and "foreign trade zone admission." Id. The Government further clarified that, "[a]n FTZ admission is distinct from an FTZ entry." Id. The Government's contention, however, is irrelevant, and misconstrues Plaintiff's argument. Plaintiff does not conflate the two terms. He is well aware of the distinction. Plaintiff's argument, as stressed in his Brief, is that answer choice E, *Foreign trade zone entry*, does not exist in the CBP's regulation. Therefore, as this answer choice does not exist in the regulation, coupled with Plaintiff's common knowledge of the word *entry*, this logically led Plaintiff to believe answer choice E was the best available answer.

Furthermore, as published on the CBP's website under its Information Center section[1], the CBP advised that "there is no legal requirement for you to hire a Customs Broker to clear

---

[1] A true and accurate printout of same is appended hereto as **Exhibit A**. Plaintiff acknowledges that Exhibit A is not part of the Administrative Record. However, Plaintiff respectfully requests

Hon. Timothy M. Reif
December 6, 2021
Page 5

your goods."[2]. Therefore, the act of entering into the Foreign Trade Zone and clearing through the customs service can be performed by anyone, licensed or unlicensed.

A review of the two disputed answer choices ("B" and "E") illustrates that both selections properly answer the question. *Foreign trade zone entry* as an option that does not exist in the CBP's regulation is the proper answer to the question posed. The Government's proposed interpretation, therefore, would lead to an illogical result as it would render both answer choices equally correct. Had the Government capitalized the word "*entry*" as provided under 19 C.F.R. § 146.62, this distinction would have been clear. Plaintiff would have surely chosen the correct answer. However, the Government's improper usage of a layman's term in the context of this exam demonstrates the ambiguity and confusing nature of this question.

In contrast, Plaintiff's reading of the question is the only reasonable interpretation, as it provides one correct answer. Although the question is poorly worded, Plaintiff carefully chose answer "E" as the best answer available. Therefore, the Government's denial of credit for this question is not substantially supported by evidence and Plaintiff should, accordingly, be awarded credit for his response to question 5.

2. **Question 27**

> Which of the following mail articles are not subject to examination or inspection by customs?
>
> **A.** Bona fide gifts with an aggregate fair retail value not exceeding $800 in the country of shipment

---

that the Court take judicial notice of the existence of this directive as promulgated on the CBP's website pursuant to Rule 201(b)(2) of the Federal Rules of Evidence.

[2] U.S. Customs and Border Protection, Information Center, *Do I need a Customs Broker to clear my goods through Customs and Border Protection (CBP)?*, Feb. 4, 2021, https://help.cbp.gov/s/article/Article-418?language=en_US

      **B.** Mail packages addressed to officials of the U.S Government containing merchandise
      **C.** Diplomatic pouches bearing the official seal of France and certified as only containing documents
      **D.** Personal and household effects of military and civilian personnel returning to the United States upon the completion of extended duty abroad
      **E.** Plant material imported by mail for purposes of immediate exportation by mail

  As detailed in Plaintiff's Brief, this question is unfairly misleading. Government contends that Plaintiff's answer, answer Choice "B", is inaccurate under 19 C.F.R. § 145.37(c) as it governs "articles for the government" and distinguishes between mail articles that contain *only* official documents and mail articles that contains merchandise. Pursuant to section 145.37(c), mail articles containing only official documents "shall be passed free of duty without issuing an entry." Def. Br. at 11. While Plaintiff concedes that the Government's answer, choice "C" is correct, Plaintiff's answer, choice "B", is also accurate under 19 C.F.R. § 145.37(b), which provides that "Books. . .and engravings, etchings, and other articles enumerated in subheading 9808.00.10, HTSUS, shall be passed free of duty without issuing an entry when they are addressed to the Library of Congress or any department or agency of the U.S. Government.". Pursuant section 145.37(b), mail articles, as called for by the question, "shall be passed free of duty." As such, mail packages addressed to government officials can indeed pass free of duty without issuing an entry, as answer choice "B" indicates, and the Plaintiff correctly identified. The Government's argument that Plaintiff's confusion is without basis is demonstrably flawed.

  Additionally, as emphasized in Plaintiff's Brief, the question does not indicate where the mail packages are coming from like the CBP's answer. If the mail packages are domestic there are no reasons to be subject to examination or inspection by the CBP at all. If the mail packages are international there is no indication about the merchandise in regard to the duty. Therefore, the

Government's denial of credit for this question is not substantially supported by evidence. Plaintiff should, accordingly, be awarded credit for his response to question 27.

3. **Question 33**

   What is the classification of current production wall art depicting abstract flowers and birds that is mechanically printed, via lithography, onto sheets of paper, the paper measuring .35mm in thickness that have been permanently mounted onto a backing of .50mm thick paperboard?

   A. 4911.91.2040
   B. 4911.91.3000
   C. 4911.99.6000
   D. 9701.10.0000
   E. 9702.00.0000

   Plaintiff iterates the position adopted in his Brief. Notwithstanding the Government's interpretation of the accurate response, Plaintiff sustains that this question is unfairly confusing because the Government's answer presupposes a certain time-frame within which the goods are produced but does not provide such a time in the question. Rather, the question expects the undefined phrase "current production" to signify the answer. Such phrase does not provide sufficient information to answer the question. A simple definition of the phrase "current production" could have clarified what is otherwise an ambiguous question. Therefore, the Government's denial of credit for this question is not substantially supported by evidence and Plaintiff should be awarded credit for question 33. In the alternative, the question should be invalidated based on its ambiguity.

4. **Question 39**

   What is the CLASSIFICATION of a teacup that is made of porcelain containing 28 percent of tricalcium phosphate, valued at $18 and offered for sale in the same pattern as all of the other articles listed in Additional U.S. Note 6(b) to Chapter 69, HTSUS, with the aggregate value of all those articles listed in that note being $900?
   A. 6911.10.2500
   B. 6911.10.3810

       C. 6911.10.5800
       D. 6911.10.8010
       E. 6912.00.4500

As stressed in Plaintiff's Brief, Plaintiff contends there is no correct answer to this question. In the alternative, this question should be disqualified as it confuses the price of a single teacup versus the price of a dozen teacups.

6911.10.2500 provides, "tableware and kitchenware of bone chinaware valued over $31.50 per dozen pieces." Therefore, this brings up the price discrepancy of the bone chinaware over $31.50 per dozen pieces which contradicts the $18 presented in the question. Rather, 6911.10.1500 which states "valued not over $31.50 per dozen pieces," and would be best fit as the correct answer to the question. The CBP relies upon reference to a set of a dozen teacups, however, given that there is no reference to anything other than "a" teacup, Plaintiff should not be required to guess as to the number or value therein. As such, this question is at best confusing, and at worst contains no correct answer.

Therefore, the Government's denial of credit for this question is not substantially supported by evidence and Plaintiff should be awarded credit for question 39. In the alternative, the question should be invalidated.

  **5. Question 57**

    Which of the following shipments does not contain restricted gray market merchandise as defined in 19 C.F.R. 133.23?
      A. A shipment of jeans, bearing a trademark registered and recorded in the United States, applied by a U.S. trademark owner's foreign licensee independent of the U.S. trademark owner

      B. A shipment of shoes, bearing a trademark registered and recorded in the United States, applied under the authority of a foreign trademark owner other than the U.S. owner, a parent or subsidiary of the U.S. owner, or a

       party under common ownership or control with the U.S. owner, to who the U.S. owner sold the foreign title.

   **C.** A shipment of jacket, bearing a trademark registered and recorded in the United States, applied under the authority of a foreign trademark owner other than the U.S. owner, a parent or subsidiary of the U.S. owner, or a party under common ownership or control with the U.S. owner, from whom the U.S. owner acquired the domestic title

   **D.** A shipment of books, bearing a U.S. registered and recorded trademark applied by a foreign subsidiary of the U.S. owner, determined by CBP to be different from the books authorized by the U.S. owner for importation or sale in the United States. The books feature a conspicuous label that they are not authorized by the U.S. owner for importation into the U.S. and are physically and materially different from the authorized ones.

   **E.** A shipment of shirts, bearing a genuine foreign trademark owned by a foreign trademark owner, identical with or substantially indistinguishable from a trademark registered and recorded in the United States. The shipment was imported without the authorization of the U.S. owner who is not related to the foreign owner.

Contrary to the Government's interpretation of the correct response, answer choice "E" is inaccurate. The purported correct answer asserts grey market merchandise, in contrast to the call of the question which specifically called for an answer that *does not* contain restricted grey market merchandise.

As the Government accurately alluded to, Gray Market Goods are defined as "foreign-made articles bearing a genuine trademark or trade name identical with or substantially indistinguishable from one owned and recorded by a citizen of the United States or a corporation or association created or organized within the United States and imported without the authorization of the U.S. owner." 19 C.F.R. § 133.23(a). The Purported correct answer provides this exact definition,

> [a] shipment of shirts, bearing a genuine foreign trademark owned by a foreign trademark owner, identical with or substantially indistinguishable from a trademark registered and recorded in the United States. The shipment was imported without the authorization of the U.S. owner who is not related to the foreign owner.

Def. Br. at 20.

The Government's own interpretation illustrates that answer choice "E" is incorrect as this answer contracts the call of the question. Refusing to provide Plaintiff credit for his answer to Question 57 is arbitrary, unreasonable, and capricious as Plaintiff has demonstrated (a) that the question was at best ambiguous, and (b) by his explanation that Plaintiff understands the CBP's position on relevant rules and regulations.

## II. PLAINTIFF IS ENTITLED TO ATTORNEY FEES AND EXPENSES

Arguments recited at length in Plaintiff's Brief in Support of his Motion for Judgment on the Record are adopted and reiterated herein in reply to the Government's Response. The CBP's position in this case is not substantially justified for the reasons set forth in Plaintiff's Brief and in this letter brief. Therefore, Plaintiff is eligible and entitled to receive attorney fees and costs under the EAJA.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion for Judgment on the Record and remand the case to the U.S. Customs and Border Protection with directions to allow credit for Plaintiff's answers to questions number 5, 27, 33, 39, 43, 50, and 57 of the April 2018

Hon. Timothy M. Reif
December 6, 2021
Page 11

Customs Broker License Examination. Furthermore, Plaintiff is entitled to receive costs and fees pursuant to the EAJA.